Judge Robart

|||||||||||||||||||||||||||||||||||||||||||||||||||

**08-CR-00105-CLM**

FILED _____ ENTERED
LODGED _____ RECEIVED

**JUL 2 9 2008**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.   CR08-105JER |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| JOSE MANUEL NUNEZ-MALDONADO, a/k/a Primitivo | |
| Defendant. | |

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Lisca Borichewski, Assistant United States Attorney for said District, Defendant JOSE MANUEL NUNEZ-MALDONADO, and his attorney, Gabriel Banfi, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.    **The Charge.**  Defendant, having been advised of his right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to Count 1 of the Indictment, Conspiracy to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846.  By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document, including any objection based upon the statute of limitations.  Defendant further understands that before entering his plea of guilty, Defendant will be placed under oath.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   Any statement given by Defendant under oath may be used by the United States in a
2   prosecution for perjury or false statement.

3      **2.    Elements of the Offense.**  The elements of the offense of Conspiracy to
4   Distribute Methamphetamine, as charged in Count 1, are as follows:

5      First, there was an agreement between two or more people to distribute
6   methamphetamine; and,

7      Second, Defendant entered into the conspiracy knowing of its object, the
8   distribution of methamphetamine, and intending to help accomplish it.

9      **3.    The Penalties.**  Defendant understands that the statutory penalties for the
10  offense are a mandatory minimum term of ten (10) years imprisonment and a maximum
11  term life in prison, a fine of up to four million dollars ($4,000,000.00), a period of
12  supervision following release from prison at least five (5) years, and a $100 special
13  assessment.  If Defendant receives a sentence of probation, the probationary period could
14  be up to five (5) years.  Defendant agrees that the special assessment shall be paid at or
15  before the time of sentencing.

16     Defendant further understands that, in order to invoke the statutory sentence set
17  forth above, the United States must prove beyond a reasonable doubt that the offense
18  charged in Count 1 involved 500 grams or more of a mixture or substance containing
19  methamphetamine.  Defendant waives his right to require the United States to make this
20  proof at trial, and stipulates that this plea of guilty includes his acknowledgment that the
21  offense involved over 500 grams of a mixture or substance containing methamphetamine.

22     Defendant understands that in addition to any term of imprisonment and/or fine that
23  is imposed, the Court may order Defendant to pay restitution to any victim of the offense,
24  as required by law.

25     Defendant agrees that any monetary penalty the Court imposes, including the
26  special assessment, fine, costs or restitution, is due and payable immediately, and further
27  agrees to submit a completed Financial Statement of Debtor form as requested by the
28  United States Attorney's Office.

Plea Agreement – 2
REA/CR08-106JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    Defendant understands that supervised release is a period of time following
2 imprisonment during which he will be subject to certain restrictions and requirements.
3 Defendant further understands that if supervised release is imposed and he violates one or
4 more of its conditions, he could be returned to prison for all or part of the term of
5 supervised release that was originally imposed. This could result in Defendant serving a
6 total term of imprisonment greater than the statutory maximum stated above.

7    Defendant understands that by pleading guilty to a felony drug offense, he will
8 become ineligible for certain food stamp and social security benefits under Title 21,
9 United States Code, Section 862a.

10   **4.    Rights Waived by Pleading Guilty.**  Defendant understands that, by
11 pleading guilty, he knowingly and voluntarily waives the following rights:

12    a.    The right to plead not guilty, and to persist in a plea of not guilty;

13    b.    The right to a speedy and public trial before a jury of Defendant's peers;

14    c.    The right to the effective assistance of counsel at trial, including, if
15 Defendant could not afford an attorney, the right to have the Court appoint one for
16 Defendant;

17    d.    The right to be presumed innocent until guilt has been established at trial,
18 beyond a reasonable doubt;

19    e.    The right to confront and cross-examine witnesses against Defendant at trial;

20    f.    The right to compel or subpoena witnesses to appear on Defendant's behalf
21 at trial;

22    g.    The right to testify or to remain silent at trial, at which trial such silence
23 could not be used against Defendant; and

24    h.    The right to appeal a finding of guilt or any pretrial rulings.

25   **5.    United States Sentencing Guidelines.**   Defendant understands and
26 acknowledges that, at sentencing, the Court must consider the sentencing range calculated
27 under the United States Sentencing Guidelines, together with the other factors set forth in
28 Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   of the offense; (2) the history and characteristics of the defendant; (3) the need for the
2   sentence to reflect the seriousness of the offense, to promote respect for the law, and to
3   provide just punishment for the offense; (4) the need for the sentence to afford adequate
4   deterrence to criminal conduct; (5) the need for the sentence to protect the public from
5   further crimes of the defendant; (6) the need to provide the defendant with educational and
6   vocational training, medical care, or other correctional treatment in the most effective
7   manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims;
8   and (9) the need to avoid unwarranted sentence disparity among defendants involved in
9   similar conduct who have similar records. Accordingly, Defendant understands and
10  acknowledges that:

11       a..     The Court will determine Defendant's applicable Sentencing Guidelines
12  range at the time of sentencing.

13       b.      After consideration of the Sentencing Guidelines and the other factors in 18
14  U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the
15  maximum term authorized by law.

16       c.      The Court is not bound by any recommendation regarding the sentence to be
17  imposed, or by any calculation or estimation of the Sentencing Guidelines range offered
18  by the parties, or by the United States Probation Department.

19       d.      Defendant may not withdraw a guilty plea solely because of the sentence
20  imposed by the Court.

21       **6.    Ultimate Sentence.** Defendant acknowledges that no one has promised or
22  guaranteed what sentence the Court will impose.

23       **7.    Statement of Facts.** The parties agree on the following facts in support of
24  Defendant's guilty plea and sentencing. Defendant admits he is guilty of the charged
25  offense.

26       a.      On March 4, 2008, during the interception of communications on a
27  telephone used by defendant JOSE MANUEL NUNEZ-MALDONADO, DEA agents
28  intercepted the defendant agree to purchase 10 pounds of methamphetamine from another

Plea Agreement – 4
REA/CR08-106JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 individual.  During the call, the defendant made arrangements to receive the shipment of

2 methamphetamine the following day at his residence located at 19480 Southeast 266th

3 Street in Covington, Washington.

4      b.    ·On March 5, 2008, an individual driving a Volkswagen Passat arrived at the

5 defendant's residence, and delivered 10 pounds of methamphetamine to the defendant.

6 After the Volkswagen Passat left the defendant's residence, agents stopped the vehicle and

7 recovered $257,420 in United States currency from a concealed compartment.

8      c.    On March 26, 2008, DEA agents and Seattle Police Department officers

9 executed a search warrant at the defendant's residence.  Inside the residence, agents

10 recovered $266,860 in United States currency, a scale, packaging material, one .40 caliber

11 semi-automatic pistol, one shotgun, and one .22 caliber rifle.

12     **8.**    **Sentencing Factors.**  The parties agree and stipulate that the following

13 Sentencing Guidelines provisions apply to this case:

14      a.    The base offense level 34 for the offense involving a drug amount of at least

15 1.5 kilograms, but less than 5 kilograms of methamphetamine pursuant to U.S.S.G. §

16 2D1.1(c)(3).

17      b.    A 2 level upward adjustment, pursuant to USSG 2D1.1(b)(1) for possession

18 of a dangerous weapon.

19      c.    The parties agree that based on the defendant's possession of a firearm, he is

20 not eligible for a safety valve adjustment pursuant to U.S.S.G. § 5C1.2(a) and 18 U.S.C. §

21 3553(f)(1)-(5).

22     **9.**    **Acceptance of Responsibility.**  The United States acknowledges that if

23 Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG

24 § 3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should

25 be decreased by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant

26 has assisted the United States by timely notifying the authorities of his  intention to plead

27 guilty, thereby permitting the United States to avoid preparing for trial and permitting the

28 Court to allocate its resources efficiently.

Plea Agreement – 5
REA/CR08-106JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    **10.    Non-Prosecution of Additional Offenses.**  As part of this Plea Agreement,
2  the United States Attorney's Office for the Western District of Washington agrees not to
3  prosecute Defendant for any additional offenses known to it as of the time of this
4  Agreement that are based upon evidence in its possession at this time, or that arise out of
5  the conduct giving rise to this investigation.  In this regard, Defendant recognizes that the
6  United States has agreed not to prosecute all of the criminal charges that the evidence
7  establishes were committed by Defendant solely because of the promises made by
8  Defendant in this Agreement.  Defendant acknowledges and agrees, however, that for
9  purposes of preparing the Presentence Report, the United States Attorney's Office will
10  provide the United States Probation Office with evidence of all relevant conduct
11  committed by Defendant.

12        Defendant agrees and acknowledges that any charges to be dismissed before or at
13  the time of sentencing were substantially justified in light of the evidence available to the
14  United States, were not vexatious, frivolous or taken in bad faith, and do not provide
15  Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No.
16  105-119(1997).

17    **11.    Sentencing Agreement.**  The government agrees to recommend a sentence
18  not greater than the low end of the applicable guideline range.  The defendant may argue
19  for whatever sentence he believes is appropriate.

20    **12.    Forfeiture of Contraband.**  Defendant agrees that any firearms or illegal
21  contraband seized by any law enforcement agency from the possession of Defendant shall
22  be forfeited for the official use and/or destruction by any law enforcement agency
23  involved in the seizure of these items.

24    **13.    Forfeiture.**  Defendant agrees to forfeit to the United States immediately all
25  of his right, title and interest in any and all property, real or personal, that was used, or
26  intended to be used, in any manner or part, to commit or to facilitate the commission of the
27  charged offense, and any property constituting, or derived from, any proceeds Defendant
28

Plea Agreement – 6
REA/CR08-106JCC

1  obtained, directly or indirectly, as the result of such offenses, that are subject to forfeiture

2  pursuant to Title 21, United States Code, Section 853, including the following assets:

3      a.      $257,420 in United States currency recovered on March 5, 2008 from the

4  Volkswagen Passat observed leaving the defendant's residence;

5      b.      $266,860 in United States currency recovered on March 26, 2008 from the

6  defendant's residence located at 19480 Southeast 266th Street in Covington, Washington;

7      c.      a 1994 Honda Accord bearing Washington state license 415SBT; and

8      d.      a 1998 GMC Sierra truck bearing Washington state license B61203B

9      Defendant agrees that the listed assets were proceeds from drug trafficking activity,

10  obtained using the proceeds of drug trafficking activity, or used or intended to be used to

11  facilitate drug trafficking activity.

12      Defendant agrees to fully assist the United States in the forfeiture of the listed

13  assets and to take whatever steps are necessary to pass clear title to the United States,

14  including but not limited to:  surrendering title and executing any documents necessary to

15  effectuate such forfeiture; assisting in bringing any assets located outside the United States

16  within the jurisdiction of the United States; and taking whatever steps are necessary to

17  ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise

18  made unavailable for forfeiture.  Defendant agrees not to file a claim to any of the listed

19  property in any civil forfeiture proceeding, administrative or judicial, which may be

20  initiated.

21      Defendant further agrees to provide a truthful statement regarding all of his assets,

22  and to make a full and complete disclosure of all assets in which Defendant has any

23  interest or over which Defendant exercises control and those which are held or controlled

24  by a nominee(s).  Defendant further agrees to submit to a polygraph examination on the

25  issue of assets if it is deemed necessary by the United States.

26      The United States reserves its right to proceed against any remaining assets not

27  identified in this Plea Agreement, including any property in which Defendant has any

28  interest or control, if said assets, real or personal, tangible or intangible constitute or are

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  traceable to proceeds or facilitated violation of Title 21, United States Code, Sections 841

2  et seq., or were involved in violations of Title 18, United States Code, Sections 1956 or

3  1957.

4  **14.  Voluntariness of Plea.**  Defendant acknowledges that he has entered into

5  this Plea Agreement freely and voluntarily, and that no threats or promises, other than the

6  promises contained in this Plea Agreement, were made to induce Defendant to enter this

7  plea of guilty.

8  **15.  Statute of Limitations.**  In the event that this Agreement is not accepted by

9  the Court for any reason, or Defendant has breached any of the terms of this Plea

10  Agreement, the statute of limitations shall be deemed to have been tolled from the date of

11  the Plea Agreement to:  (1) 30 days following the date of non-acceptance of the Plea

12  Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea

13  Agreement by Defendant is discovered by the United States Attorney's Office.

14  **16.  Post-Plea Conduct.**  Defendant understands that the terms of this Plea

15  Agreement apply only to conduct that occurred prior to the execution of this Agreement.

16  If, after the date of this Agreement, Defendant should engage in illegal conduct, or

17  conduct that is in violation of his/her conditions of release (examples of which include,

18  but are not limited to: obstruction of justice, failure to appear for a court proceeding,

19  criminal conduct while pending sentencing, and false statements to law enforcement

20  agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free

21  under this Agreement to seek a sentence that takes such conduct into consideration. Such a

22  sentence could include a sentencing enhancement under the United States Sentencing

23  Guidelines or an upward departure from the applicable sentencing guidelines range.

24  **17.  Waiver of Appeal.**  As part of this Plea Agreement, and on the condition

25  that the Court imposes a custodial sentence that is within or below the Sentencing

26  Guidelines range that is determined by the Court at the time of sentencing, Defendant

27

28

Plea Agreement – 8
REA/CR08-106JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  waives to the full extent of the law:

2      a.      any right conferred by Title 18, United States Code, Section 3742 to appeal

3              the sentence, including any restitution order imposed; and

4      b.      any right to bring a collateral attack against the conviction and sentence,

5              including any restitution order imposed.

6      Furthermore, this waiver does not preclude Defendant from bringing an appropriate

7  motion pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the

8  decisions of the Bureau of Prisons regarding the execution of his sentence.

9      If Defendant breaches this Plea Agreement at any time by appealing or collaterally

10 attacking the conviction or sentence in any way, the United States may prosecute

11 Defendant for any counts, including those with mandatory minimum sentences, that were

12 dismissed or not charged pursuant to this Plea Agreement.

13     **18.     Completeness of Agreement.**  The United States and Defendant

14 acknowledge that these terms constitute the entire Plea Agreement between the parties.

15 This Agreement only binds the United States Attorney's Office for the Western District of

16 Washington. It does not bind any other United States Attorney's Office or any other

17 office or agency of the United States, or any state or local prosecutor.

18     Dated this _____ day of _____, 2008.

19

20

21     $\mathcal{I} \mathcal{O} \mathcal{S} \mathcal{C} \; \mathcal{N} \mathcal{U} \tilde{\mathcal{N}} \mathcal{C} \mathcal{S}$

       JOSE NUNEZ-MALDONADO
22     Defendant

23

24

       GABRIEL BANFI
25     Attorney for Defendant

26

27

       LISSA BORICHEWSKI
28     Assistant United States Attorney

Plea Agreement – 9
REA/CR08-106JCC