THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CAUSE NO.: CR08-00105JLR |
|---|---|
| Plaintiff, | |
| vs. | DEFENDANT'S SENTENCING MEMORANDUM |
| JOSE MANUEL NUNEZ-MALDONADO, | |
| Defendant. | |

Sentencing Court:   THE HONORABLE JAMES L. ROBART

Sentencing Date:    October 20, 2008 at 9:00 a.m.

Charge:             Conspiracy to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

## I. DEFENSE RECOMMENDATION

The Defense respectfully requests that the Court sentence the Defendant, Jose Manuel Nunez-Maldonado, to 120 months confinement with credit

Law Office of Gabriel I. Banfi
Plaza Center
10900 NE 8th St. Suite 1115
Bellevue, Washington  98004
(425) 454-7721

DEFENDANT'S SENTENCING MEMORANDUM - 1

for time served in pre-sentence custody pursuant to the arguments herein.  In addition, the Defense requests that the Court impose the special assessment of $100.00, not impose a fine due to the fact that the Defendant does not have the means to pay an additional financial obligation, and impose a five year term of supervised release.

## II.   BASIS FOR RECOMMENDATION

On July 29, 2008, Mr. Jose Manuel Nunez-Maldonado pled guilty to Count I of the Indictment, Conspiracy to Distribute Methamphetamine, in violation of Title 21, United States Code § 841(a)(1), 841(b)(1)(A), and 846.  Mr. Jose Manuel Nunez-Maldonado has admitted his offense conduct, expressed remorse, and entered his plea in a timely manner.  Therefore, a three-level reduction pursuant to U.S.S.G. § 3E1.1 is appropriate in this case.

The Pre-Sentence Report from the United States Probation Office, Western District of Washington at Seattle, calculates Mr. Jose Manuel Nunez-Maldonado's criminal history category to be I.  In addition, the United States Probation Office calculates his total offense level at 33.  This offense level includes a level 34 pursuant to the drug equivalency table, a two-level increase is warranted pursuant to U.S.S.G. § 2D1.1(b)(1) - possession of a dangerous weapon, and a three-level reduction due to his acceptance of responsibility under U.S.S.G. § 3E1.1.  The Defense concurs with the above calculations provided by the United States Probation Office.  Therefore, the Defense concurs with the guideline provisions calculated by

Law Office of Gabriel I. Banfi
Plaza Center
10900 NE 8th St. Suite 1115
Bellevue, Washington  98004
(425) 454-7721

DEFENDANT'S SENTENCING MEMORANDUM - 2

1   the United States Probation Office based on a total offense level of 33 and a
2   criminal history category of I, with a guideline range of imprisonment of 135
3   to 168 months.  The Defense respectfully requests that the Court sentence Mr.
4   Jose Manuel Nunez-Maldonado to 120 months confinement based upon the
5   arguments as outlined below.

### III.   UNITED STATES V. BOOKER 125 S.Ct. 738 (2005)

The Defense is respectfully requesting that the Court impose a sentence of 120 months confinement.  Prior to the recent decision in United States v. Booker, this Court had the power to impose the above-recommended sentence only through its authority to depart from the otherwise mandatory sentencing guidelines.  However, the Court's approach to sentencing decisions post-Booker has changed dramatically and the sentencing guidelines are now only one factor among many that the Court should consider, and the guidelines have now been rendered advisory rather than mandatory.

In United States v. Booker, the Supreme Court held that Blakely v. Washington, 124 S.Ct.2531(2004), applied to the Federal Sentencing Guidelines no longer as guidelines that were "mandatory", but advisory in nature. Instead of imposing the Blakely requirement of notice in an indictment, proof beyond a reasonable doubt and a right to a jury trial for any sentencing factors which increase the guideline range, a different majority of the Court simply excised the provision of the Sentencing Reform Act that made the guidelines mandatory, 18 U.S.C. § 3553(b).  This remedial majority held that

Law Office of Gabriel I. Banfi
Plaza Center
10900 NE 8th St. Suite 1115
Bellevue, Washington  98004
(425) 454-7721

DEFENDANT'S SENTENCING MEMORANDUM - 3

the District Court must still consider the guideline range 18 U.S.C. § 3553(a)(4)(5), but only as one among a number of directives set forth in § 3553(a).

Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)". § 3553(a)(2) states that such purposes are:

    (A)  To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)  To afford adequate deterrence to criminal conduct;

    (c)  To protect the public from further crimes of the Defendant; and

    (D)  To provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs the Court to consider (1) the nature and circumstances of the offense and the history and characteristics of the Defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victims of the offense.

In determining the appropriate sentence 18 U.S.C. § 3661 states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which

Law Office of Gabriel I. Banfi
Plaza Center
10900 NE 8th St. Suite 1115
Bellevue, Washington  98004
(425) 454-7721

DEFENDANT'S SENTENCING MEMORANDUM - 4

a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence". The statutory provision was expressly endorsed in the Justice Breyer's majority decision. 2005 WL 50108 pp. 69, 71.

The requirement of § 3553(a) that instructs the Court to "impose a sentence **sufficient but not greater than necessary…**" is reemphasized in Title 18 § 3582 governing imposition of sentence of imprisonment. That section specifically states:

> The Court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining **the length of the term**, shall consider the factors set forth in § 3553(a) to the extent they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation**.

### IV. APPLICATION OF THE "REASONABLENESS" STANDARD

The Booker decision also held that any appeals from a sentence must be judged under a discretionary, highly differential standard of "reasonableness". It is expected that the Government may argue that "reasonableness" means a sentence within the advisory guidelines and unreasonable is a sentence outside the guidelines absent a previously sanctioned departure ground.

Law Office of Gabriel I. Banfi
Plaza Center
10900 NE 8th St. Suite 1115
Bellevue, Washington  98004
(425) 454-7721

DEFENDANT'S SENTENCING MEMORANDUM - 5

1    This argument must fail and is clearly not what the Supreme Court
2 intended.  If the reasonableness standard is interpreted to mean that it is
3 still defined in light of the relevant guideline range, then the guideline
4 system would remain one of mandatory ranges - with District Judges permitted
5 to depart from the applicable range only if they could articulate exceptional
6 reasons to justify such a departure.  Justice Scalia in his opinion
7 discussing the reasonableness standard noted that "any system which held it
8 *per se* unreasonable (and hence reversible) for a sentencing judge to reject
9 the Guidelines is indistinguishable from the mandatory system that the Court
10 today holds unconstitutional".  Scalia dissenting at *50.  The closest
11 analogy to the appropriate standard of review is the previously existing
12 standard for review of the sentences imposed on supervised release violations
13 which have always been governed by advisory policy statements.  See U.S.S.G.
14 § 7B1.4(a).  The "Chapter 7 policy statements…are not binding on the Courts.
15 They provide helpful assistance to Courts in sentencing, but are not
16 mandatory".  United States v. Davis, 53 F.3d 638, 640 (4th Cir. 1995).
17 District Court Judges were "free to exercise [their] informed discretion to
18 reject the suggested sentence…" Id. At 642-43.  Thus, the Appellate Courts
19 have applied an abuse of discretion standard to the review of revocation
20 sentences.

Law Office of Gabriel I. Banfi
Plaza Center
10900 NE 8th St. Suite 1115
Bellevue, Washington  98004
(425) 454-7721

DEFENDANT'S SENTENCING MEMORANDUM - 6

1    V.   APPLICATION OF BOOKER TO JOSE MANUEL NUNEZ-MALDONADO

2    Pursuant to United States v. Booker, sentencing is now a harder task
3    for District Court Judges.  District Court Judges no longer are limited to
4    adding up figures and picking up a number within a narrow range, but must
5    consider all of the applicable factors, listen carefully to both sides and
6    sentence the person before them as an individual.

7    A.   The Nature and Circumstances of the Offense - 18 U.S.C. §
8         3553(a)(1).

9         While Conspiracy to Distribute Methamphetamine is a serious
10        crime, the nature of this particular drug offense does offer
11        some mitigation.  Obviously, the Defendant has no prior criminal
12        history and there was no violence involved.  In addressing the
13        circumstances of this crime, the Court should also consider the
14        background information of Mr. Jose Manuel Nunez-Maldonado.
15        Clearly, from the information that has been gathered in this
16        investigation, Mr. Jose Manuel Nunez-Maldonado is an individual
17        who made an extremely poor choice and who ultimately was
18        apprehended, pled guilty, and accepted responsibility in this
19        offense.

20        Mr. Jose Manuel Nunez-Maldonado is a relatively young man
21        in his mid-thirties, born on February 24, 1975 in Artiaga,
22        Michoacan, Mexico.  He is married to Emelda Maldonado and has
23        two children, Eduardo - age 10 and Abril - age 4.  Mr. Jose

24

25                                         Law Office of Gabriel I. Banfi
                                           Plaza Center
                                           10900 NE 8th St. Suite 1115
                                           Bellevue, Washington  98004
                                           (425) 454-7721

DEFENDANT'S SENTENCING MEMORANDUM - 7

       Manuel Nunez-Maldonado was raised in poverty where he and his two older brothers frequently were expected to work "sun up to sun down", harvesting corn and beans, in order to contribute to the financial status of the family.  Unfortunately, because he had to start work at an early age, he achieved the equivalent of a sixth grade education in Mexico and discontinued attending school because his father did not have the resources to pay for further education.  In the end, he never returned to complete his education and at this time does not possess any specialized training, certifications, or professional licenses.

       The primary reason Mr. Nunez-Maldonado left Mexico to come to the United States was to pull himself out of poverty and obtain some form of employment.  Mr. Nunez-Maldonado has worked in the United States for Valley Custom Siding, as a laborer installing shingles to residential homes, and also in the timber industry cutting pieces of timber into smaller pieces and placing them into containers which later sold as shingles for residential housing.  Mr. Nunez-Maldonado maintained employment in these various areas throughout Western Washington for several years.  However, unfortunately he became involved in the drug trade in an effort to make easy money.  It is this extremely poor choice that will affect not only the rest of his life, but also the lives of his immediate family.

Law Office of Gabriel I. Banfi
Plaza Center
10900 NE 8th St. Suite 1115
Bellevue, Washington  98004
(425) 454-7721

DEFENDANT'S SENTENCING MEMORANDUM - 8

During the course of this case and his incarceration, including during the pre-sentence interview, Mr. Nunez-Maldonado made very clear that he was extremely sorry for what he was doing and he has expressed great remorse for his criminal conduct and wishes to apologize both to the community and his family.  Presently, his wife and children have had to move from their residence in Covington due to his arrest and they now live in an apartment in Kent, Washington with one of his brother-in-laws.  Mr. Nunez-Maldonado is aware of the damage he has caused not only to the community, but also directly to his family who are now left without financial support, housing, and the guidance of a loving husband and father for his children.  Mr. Nunez-Maldonado is fully aware of the mistake he made in an effort to obtain quick and easy money in the drug business.

B. <u>The Need for the Sentence to Reflect the Seriousness of the Crime, Promote Respect for the Law and Provide Just Punishment - 18 U.S.C. § 3553(a)(2)(A)</u>.

In applying all of these factors, the Court is instructed to impose a sentence that is "sufficient, but not greater than necessary", to meet this and other needs.  While this crime involved no physical violence, it did involve a large amount of controlled substances.  Thus, individuals convicted of

Law Office of Gabriel I. Banfi
Plaza Center
10900 NE 8th St. Suite 1115
Bellevue, Washington  98004
(425) 454-7721

DEFENDANT'S SENTENCING MEMORANDUM - 9

Conspiracy to Distribute Methamphetamine will be sentenced to lengthy periods of confinement.  The recommended prison sentence of 120 months with an immediate deportation after this period of confinement under the aggravated felony category whereby an individual will never be able to reside in the United States under legal status is an appropriate sentence given all of the circumstances of this offense and reflects the seriousness of the crime.  It would not cause disrespect to the law to impose a period of imprisonment of 120 months in Mr. Jose Manuel Nunez-Maldonado's case.

C. Adequate Deterrence - 18 U.S.C. § 3553 (a)(2)(B)

A sentence of 120 months imprisonment under all circumstances of Mr. Jose Manuel Nunez-Maldonado's offense is adequate to deter him and others from committing drug offenses.

D. Protecting the Public from Further Crimes by Mr. Jose Manuel Nunez-Maldonado - 18 U.S.C. § 3553 (a)(2)(C)

A sentence of 120 months imprisonment and immediate deportation under the aggravated felony category of the INA (Immigration and Nationality Act) will protect the public from further crimes by Mr. Jose Manuel Nunez-Maldonado.  The expectation will be that he will not set foot in the United

Law Office of Gabriel I. Banfi
Plaza Center
10900 NE 8th St. Suite 1115
Bellevue, Washington  98004
(425) 454-7721

DEFENDANT'S SENTENCING MEMORANDUM - 10

States ever again, and will return to Mexico to join his extended family.

## VI.  CONCLUSION

It is the position of the Defense that 120 months imprisonment is an appropriate sentence in this case.  The Defense concurs with the United States Probation Office that based upon the factors of 18 U.S.C § 3553(a), an imprisonment term of 120 months is appropriate to reflect the seriousness of the offense, offer a strong deterrent to the defendant from engaging in any further criminal conduct, and still provide a sentence that is sufficient, but not greater than necessary. The Defense would also argue that a 120 month period of confinement is appropriate in this case when examining the characteristics of the Defendant.  After the 120 month period of imprisonment, the Defendant Mr. Jose Manuel Nunez-Maldonado will be deported under the aggravated felony category of the Immigration and Nationality Act whereby he will never be able to return to the United States with any form of legal status.

Dated this 14th day of October, 2008.

Respectfully submitted,

Law Office of Gabriel I. Banfi
Plaza Center
10900 NE 8th St. Suite 1115
Bellevue, Washington  98004
(425) 454-7721

DEFENDANT'S SENTENCING MEMORANDUM - 11

1
2                                          S/Gabriel I. Banfi
3                                          Gabriel I. Banfi
                                           WSBA No. 17810
4                                          Attorney for Defendant
                                           Law Office of Gabriel I. Banfi
5                                          10900 N.E. 8th Street, Suite 1115
                                           Bellevue, WA  98004
                                           Telephone:  (425) 454-7721
6                                          Fax:  (425) 688-0788
                                           E-mail:  GBANFILAW@yahoo.com
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25                                         Law Office of Gabriel I. Banfi
                                           Plaza Center
                                           10900 NE 8th St. Suite 1115
                                           Bellevue, Washington  98004
                                           (425) 454-7721

DEFENDANT'S SENTENCING MEMORANDUM - 12

CERTIFICATE OF SERVICE

I, Gabriel I. Banfi, hereby certify that on October 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the Defendant's Sentencing Memorandum to opposing counsel, Lisca N. Borichewski, Assistant United States Attorney.

S/Gabriel I. Banfi

Gabriel I. Banfi
WSBA No. 17810
Attorney for Defendant
Law Office of Gabriel I. Banfi
10900 N.E. 8th Street, Suite 1115
Bellevue, WA  98004
Telephone:  (425) 454-7721
Fax:  (425) 688-0788
E-mail:  GBANFILAW@yahoo.com

DEFENDANT'S SENTENCING MEMORANDUM - 13

Law Office of Gabriel I. Banfi
Plaza Center
10900 NE 8th St. Suite 1115
Bellevue, Washington  98004
(425) 454-7721